IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **KIM CAMILLE FLORENCE, M.D.,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 4:23-cv-110-CDL-MSH |
| **VS.** : | |
| : | |
| **DISTRICT ATTORNEY** : | |
| **STACEY JACKSON,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER AND RECOMMENDATION OF DISMISSAL

Plaintiff Kim Camille Florence, M.D., a pretrial detainee in the Muscogee County Jail in Columbus, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. She also moved to proceed *in forma pauperis*. ECF Nos. 2; 8. The Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered her to pay an initial partial filing fee.[1] ECF No. 8. Plaintiff has now paid the required fee.

For reasons shown below, it is **RECOMMENDED** that Plaintiff's "Motion for Emergent Writ of Habeas Corpus for Immediate Release from Muscogee County Jail" (ECF No. 5); "Extraordinary Motion for Emergency Injunctive Relief via Emergent Execution of Writ of Habeas Corpus" (ECF No. 11); and "Demand for Emergent Bond

---

[1] Plaintiff filed two more motions to proceed *in forma pauperis*. ECF Nos. 10; 12. It is **ORDERED** that these motions are **DENIED** as moot.

Hearing" (ECF No. 15) be **DENIED**. It is also **RECOMMENDED** the complaint be **DISMISSED** without prejudice for both failure to follow the Court's instructions and failure to state a claim upon which relief may be granted.

## I. FAILURE TO FOLLOW THE COURT'S INSTRUCTIONS

Plaintiff named five defendants in the heading of her original complaint: District Attorney Stacey Jackson, Mayor Skip Henderson, Sheriff Greg Countryman, Police Chief Freddie Blackmon, and Jail Commander Larry Mitchell. ECF No. 1 at 1. In response to question twelve on the standard 42 U.S.C. § 1983 form, which asks for the name, official position, and place of employment of each defendant in the lawsuit, Plaintiff listed: Judge Steven D. Smith, Judge Art Smith, Judge Bobby Peters, Sheriff Greg Countryman, Clerk Reginald Thompson, Prosecutor Chris Berault, Freddy Blackmon, and Larry Mitchell. *Id*. at 4-5. Thus, it was unclear who Plaintiff wanted to sue.

Unfortunately, her Statement of Claim, section V on the § 1983 form, only added to the confusion. Plaintiff complained that "since 2011" she had been "abused" by the Muscogee County Jail and "legal system." *Id*. at 6. She stated that she was "illegally evicted, transgressed, violated criminally, and exploited several times dating 2011, 2017, 2018, 2020, 2021, and now in 2023." *Id*. at 7. Plaintiff alleged she faced "false accusations and false criminal charges" in the state courts. *Id*. She complained that judges and prosecutors ignored "exculpatory evidence." *Id*. at 8. Plaintiff stated that on May 5, 2021, jail officials placed a mentally ill "criminal" inside the holding cell with her and this individual attacked her, causing Plaintiff to lose vision in her left eye. *Id*.

Plaintiff indicated she was most recently evicted from her home and arrested on outstanding bench warrants in May 2023. Specifically, she stated that the Muscogee County Sheriff illegally executed a "writ of possession, eviction, and bench warrant" on May 18, 2023, and she was being denied a fair trial. *Id*. at 6, 8.

Plaintiff requested (1) immediate release from the Muscogee County Jail, (2) to have the Court "honor contract giving [her] the right to property and possession of 2525 Skylake Dr., Columbus, Georgia," and (3) a "jury trial on all criminal charges." *Id*. at 11.

In its July 10, 2023 Order, the Court pointed out the various deficiencies in Plaintiff's complaint and ordered her to file an amended complaint if she wanted to proceed with this action. ECF No. 4. Plaintiff was informed that the Court could not grant her any of the relief she requested; it could not interfere with her ongoing criminal prosecution; and it appeared many of her claims were time-barred. *Id*. at 2-3. The Court provided instructions regarding how to file a recast complaint. *Id*. at 3-5. Plaintiff was told to file one complaint, which should be no longer than ten pages. *Id*. at 5. Plaintiff was ordered not to include attachments or exhibits. *Id.* Plaintiff was ordered to list each defendant she wanted to sue in the heading of her complaint and in the Statement of Claims section of the complaint, list each defendant again and tell the Court exactly how and when each defendant violated Plaintiff's constitutional or federal statutory rights. *Id*. at 4. Plaintiff was told she must provide facts to support her claims because conclusory allegations, such as those in her original complaint, do not state viable claims. *Id.* The Court also ordered that Plaintiff raise only related claims and instructed her how to do so. *Id*. at 3-4.

3

The Court informed Plaintiff that the recast complaint would take the place of and supersede her original complaint. *Id*. at 5. Plaintiff was told that failure to follow the Court's instructions would result in the dismissal of her action. *Id*. at 5.

Unfortunately, Plaintiff failed to follow the instructions. Plaintiff filed a twenty-two-page amended complaint (ECF No. 6) followed by a second seven-page complaint with an attached twelve-page "statement" (ECF Nos 9; 9-1). She later filed a forty-six-page supplement to the complaint (ECF No. 13) and a twenty-page "material facts/brief." (ECF No. 14). Thus, while the Court ordered Plaintiff to file one recast complaint no longer than ten pages and not to include any exhibits or attachments, Plaintiff has filed over one-hundred pages of various complaints, attachments, statements, supplements, and briefs.

Interpreting these various filings is difficult, if not impossible. One thing that is clear in every document, however, is that the relief Plaintiff seeks is release from the Muscogee County Jail, which the Court already informed her is not a remedy available in a 42 U.S.C. § 1983 action. ECF No. 4 at 2; ECF No. 5 ("Motion for emergent writ of habeas corpus for immediate release from Muscogee County Jail where I Kim [not Kimberly] Camille Florence, MD is being held illegally"); ECF No. 6 at 6 (seeking "emergent release from Muscogee County Jail"); ECF No. 9 at 7 (seeking "emergent execution of writ of habeas corpus for immediate release from Muscogee County Jail"); ECF No 11 ("Extraordinary Motion for Emergency Injunctive Relief via Emergent Execution of Writ of Habeas Corpus"). Contrary to Plaintiff's argument, her 42 U.S.C. § 1983 complaints are **NOT** "legal document[s] in support of petition for writ of habeas

corpus." ECF No. 6 at 6. This is a civil rights action separate from any habeas that Plaintiff has filed, or may file, in this Court. While Plaintiff may seek habeas relief in this Court **after** she has exhausted available state remedies, she may not do so in this 42 U.S.C. § 1983 action.

It is still not entirely clear who Plaintiff wishes to name as defendants or what many of these defendants did, or did not do, that violated her rights. Plaintiff lists eight defendants in the heading of her first recast complaint: (1) District Attorney Stacy Jackson, (2) Sheriff Greg Countryman, (3) "Chief of Cops" Freddie D. Blackmon, (4) Jail Commander Larry Mitchell, (5) "Drug Addict in DA's Office" Chris Berault, (6) Superior Court Judge Bobby Peterson," (7) "Magistrate, Municipal Court Steven D. Smith," and (8) Deputy Sheriff Calvin Parker. ECF No. 6 at 1. In her second recast complaint, she lists District Attorney Stacy Jackson, Sheriff Greg Countryman, and "*et al*." in the heading of her complaint. ECF No. 9 at 1. In response to question twelve on the standard 42 U.S.C. § 1983 form, which requests the name, official position, and place of employment for each defendant, Plaintiff lists Jail Commander Larry Mitchell, District Attorney Stacy Jackson, Sheriff Greg Countryman, Chris Berault, and Judge Bobby Peterson. ECF No. 9 at 4-5. She states the other defendants were "already given." *Id*. at 5. In her various Statement of Claims, Plaintiff mentions several of the defendants, but fails to mention others, despite being instructed to list each defendant in the Statement of Claim section "and tell the Court exactly how and when each defendant violated Plaintiff's constitutional or federal statutory rights." ECF No. 4 at 4.

Despite being told to raise only related claims, Plaintiff complains about a May 2023 dispossessory proceeding (ECF Nos. 6 at 11-12; 9-1 at 9-12), various state crimes with which she has been charged (ECF Nos. 6 at 12-22; 9-1 at 6-9, 13 at 1-46) an alleged failure to appear for a hearing or hearings (ECF No. 9-1 at 2), and an assault by a cell mate that occurred on May 5, 2021 in a holding cell at the Muscogee County Jail (ECF Nos. 6 at 21).

It is clear that Plaintiff failed to follow the Court's instructions regarding how to recast her complaint. ECF No. 4. The Court informed her that a failure to follow instructions would result in the dismissal of her action. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'" *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (upholding dismissal without prejudice of pro se prisoner's complaint for failure to follow court's instructions).

It is **RECOMMENDED** that this action be **DISMISSED** without prejudice due to Plaintiff's failure to follow the July 10, 2023 Order. Fed. R. Civ. P. 41(b).

## II. FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state

7

a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal ev*Id*ence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to prov*Id*e factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B.  <u>Statement of Facts</u>

Plaintiff devotes much of her recast complaints, statement, supplement, and brief to the presentation of "exculpatory evidence" to prove that she is not guilty of the various crimes with which she is charged or that the cases are "moot" and should be "dismissed with prejudice. ECF No. 13 at 1. For example, in relation to the felony terroristic threat

charges that are pending against Plaintiff, she states that on February 1, 2020, she learned that a dentist, Dr. Mark Allen Lawrence, engaged in child abuse, neglect, and aggravated assault and battery against a minor child. ECF No. 6 at 13. She notified the police of these alleged crimes, contacted Dr. Lawrence's dental office, and reported the incident to the Georgia Board of Dentistry. *Id*. The dental office contacted Plaintiff on February 3, 2020 and spoke to her in a "hostile and reckless tone." *Id*. Plaintiff states she had no other contact with the dentist and "was shocked" when she was charged with making felony terroristic threats and arrested on February 20, 2020. *Id*. at 15. She remained in jail until March 5, 2020, for which she blames retired "lawyer judge Julius Hunter," who is not named as a defendant in this action. *Id*. The case was set for a hearing on May 24, 2023, but Plaintiff failed to appear because she was "illegally evicted on May 18, 2023" and "forced to leave the state of Georgia for haven, refuge, and safety." *Id*. at 17. Plaintiff states that she is not guilty of making felony terroristic threats and her defenses are "self-defense of minor child [2nd Amendment]" and "duty necessity." *Id*. at 12.

Plaintiff also maintains she is innocent of additional criminal charges, including theft of services, simple assault, simple battery, and criminal trespass. *Id*. at 18. She indicates two additional criminal cases should be dismissed but defendant District Attorney Chris Berault refuses to do so because he "has a drug problem and is a drug addict." *Id*. at 18-21.

Regarding the May 18, 2023 dispossessory proceeding, Plaintiff states that in January 2023, Magistrate Judge Steven Smith "ignored counterclaim facts and contract"

9

when he "entered a biased and partial judgment against [her] an[d] issued a writ of possession." *Id*. at 11.  She states she tried to appeal but Reginald Thompson and Daniel Forte, neither of whom are named as defendants in the heading of the recast complaints, were "uncooperative and defiant." *Id*.  This forced her to "apply for direct appeal from the Georgia Court of Appeals via discretionary application." *Id*.  Plaintiff indicates the appeal was granted and the matter was set for a "jury trial." *Id*. at 12.  But, on May 18, 2023, "the Muscogee County Sheriff (sic) Department illegally executed a writ of possession." *Id*.  Plaintiff states that "as a result, [she] left the state of Georgia for refuge until May 24, 2023." *Id*.  On May 24, 2023, Superior Court Judge Bobby Peterson "egregiously l[ied] about a failure to appear" and issued a bench warrant. *Id*. at 5.  Following this, she was "kidnapped" and has been "held hostage" at the Muscogee County Jail. *Id*.

Finally, Plaintiff states that on May 5, 2021, she was housed in a holding cell at the Muscogee County Jail and was attacked by her cellmate, Tenisha DeShawn Thomas. *Id*. at 21.  Plaintiff states Ms. Thomas was "provoked by Muscogee County Jail deputies." *Id*.

C. Analysis

Plaintiff may or may not be innocent of the crimes with which she has been charged. Regardless, this Court may not interfere with her ongoing state criminal prosecution or grant her release from jail. In *Younger v. Harris*, 401 U.S. 37, 43 (1971), the United States Supreme Court mandated that the district courts refrain from interfering with ongoing criminal prosecutions when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Doby v. Strength*, 758 F.2d 1405,

1406 (11th Cir. 1985). The Court must "abstain from hearing cases that would interfere with state court proceedings when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity to raise constitutional challenges in the state proceedings." *Parris v. Taft*, 630 F. App'x 895, 898 (11th Cir. 2015) (per curiam) (citations omitted).

In this case, Plaintiff's prosecution is ongoing, the State has an interest in its criminal prosecutions, and Plaintiff's various allegations of innocence and the presentation of exculpatory evidence can be adequately addressed in the state courts. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing the "State's interest in the enforcement of its criminal laws"); *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (internal quotation marks and citation omitted) (finding that federal courts "should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). The Court could not examine the merits of Plaintiff's claims without interfering with, or addressing issues that are for the state courts.

There are exceptions to *Younger* abstention. Abstention is not called for if "(1) there is evidence of state proceedings motivated by bad faith, (2) the state law being challenged is patently unconstitutional, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1214 n.11 (11th Cir. 2002) (citing *Younger*, 401 U.S. at 45). Plaintiff states that "the District Attorney's Office, Sheriff[], and Superior Court of Muscogee County" are biased, corrupt, unfair, and racist. ECF No. 15-1 at 1. These conclusory allegations

are not evidence of bad faith, harassment, or other unusual circumstances that would permit interference by the federal courts. *For Your Eyes Alone, Inc.*, 281 F.3d at 1214 n.11. Irreparable harm, as contemplated by *Younger*, is not suffered simply because a Plaintiff must endure criminal prosecution. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The *Younger* abstention doctrine, therefore, applies in this case.

Claims for injunctive and declaratory relief, such as those sought by Plaintiff (ECF No. 6 at 6), are properly dismissed without prejudice when *Younger* applies. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996); *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Samuels v. Mackell*, 401 U.S. 66, 72 (1971) (finding federal courts should not entertain actions for declaratory relief regarding pending state criminal actions).

While Plaintiff maintains she is innocent of the various charges and should be released from confinement, this Court may not release her from jail. Thus, to the extent that Plaintiff requests this Court hold a hearing and grant her bail (ECF No. 15), immediately grant habeas relief, and release her from jail (ECF Nos. 5; 11), or otherwise end her current incarceration (ECF No. 6 at 6), it cannot do so. As stated above, and as the Court informed Plaintiff in its July 10, 2023 Order, release from confinement is not available in a 42 U.S.C. § 1983 action. ECF No. 4 at 2; *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973) (finding that release from prison or jail not available in a § 1983 action). For this reason, it is also **RECOMMENDED** that Plaintiff's various motions in which she

seeks habeas relief, bail, or immediate release from jail (ECF Nos. 5; 11; 15) be **DENIED**.[2]

To any extent that Plaintiff seeks to appeal the "biased and partial judgment" entered in the May 18, 2023 dispossessory proceeding, she may not do so in this Court. ECF No. 6 at 11. Under the *Rooker-Feldman* doctrine, this Court does not have subject matter jurisdiction over claims seeking review of state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This is true even if the challenge to judicial proceedings alleges "that the state court's action is unconstitutional." *Feldman*, 460 U.S. at 486. Under this rule, jurisdiction to review state court decisions lies exclusively with state courts and, ultimately, the United States Supreme Court. *See Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*) (stating that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts").

Though unclear, Plaintiff presumably seeks to raise a Fourteenth Amendment failure to protect claim in relation to the May 5, 2021 assault by Tenisha DeShawn Thomas. ECF No. 6 at 21. She, however, fails to state a viable claim for several reasons. First, Plaintiff fails to inform the Court how any named defendant violated her rights in relation to the assault. Plaintiff merely states that Ms. Thomas was "provoked by Muscogee County

---

[2] Plaintiff may seek habeas relief in this Court by filing an appropriate habeas petition **after** she has exhausted state remedies. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Hughes v. Coursey*, No. CV 110-077, 2010 U. S. Dist. LEXIS 86078 At *4-*5 (S. D. Ga, July 27, 2010) ("In Georgia, the proper method for challenging pre-trial detention, including a challenge to bond, is a state petition for writ of habeas corpus.").

Jail deputies." *Id*. Because a named defendant is not linked to this claim, the claim should be dismissed. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) (affirming dismissal of claims against defendants when plaintiff failed to allege facts that connect those defendants with any claim); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Second, any claim arising from the May 5, 2021 assault would be time-barred by the applicable two-year statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Plaintiff's original complaint is dated June 7, 2023, which is more than two years after the assault occurred. ECF No. 1 at 11. In its July 10, 2023 Order to recast, the Court informed Plaintiff of the two-year limitations period. ECF No. 4 at 3. In response, Plaintiff argues, "[T]here is no statute of limitations on attempted murder and aggravated assault and battery statute of limitations is six years." ECF No. 6 at 21. It may be that Ms. Thomas could be criminally charged with attempted murder at any time or aggravated assault within six years of May 5, 2021. But neither Plaintiff nor the Court can institute criminal proceedings against her. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citation omitted); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citation omitted) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").

Finally, to the extent that Plaintiff seeks to sue Ms. Thomas in this action, she cannot do so. There is no indication Ms. Thomas was acting under color of state law at the time of the assault. *Hale*, 50 F.3d at 1582.

Based on the above, it is **RECOMMEDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915A(b).

### III. CONCLUSION

It is **ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 10; 12) are **DENIED** as moot because the Court already allowed Plaintiff to proceed *in forma pauperis*. It is **RECOMMENDED** that Plaintiff's "Motion for Emergent Writ of Habeas Corpus for Immediate Release from Muscogee County Jail" (ECF No. 5); "Extraordinary Motion for Emergency Injunctive Relief via Emergent Execution of Writ of Habeas Corpus" (ECF No. 11); and "Demand for Emergent Bond Hearing" (ECF No. 15) be **DENIED**. It is also **RECOMMENDED** the complaint be **DISMISSED** without prejudice for both failure to follow the Court's instructions and failure to state a claim. Fed. R. Civ. P. 41(b); 28 U.S.C. 1915A(b).

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. The parties may seek an extension of time in which to file

written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED** and **RECOMMENDED**, this 20th day of September, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE